## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALYSHA ASBERRY-JONES** | **: CIVIL ACTION** |
| | **:** |
| **v.** | **: NO. 19-83** |
| | **:** |
| **WELLS FARGO BANK, NATIONAL** | **:** |
| **ASSOCIATION, *et al.*** | **:** |

## MEMORANDUM

**KEARNEY, J.**                                                                                    **May 10, 2019**

Alysha Asberry-Jones seeks damages from her former employer Wells Fargo Bank, N.A., supervisor Kristen Lutz, and human resources manager Catheryn Goode arising from alleged race, color, and national origin discrimination towards her violating both federal and state law. Wells Fargo and its agents now move to compel arbitration. Wells Fargo contends Ms. Asberry-Jones signed an arbitration agreement as a condition of her employment agreeing to arbitrate employment disputes. Ms. Asberry-Jones does not deny she signed the arbitration agreement or challenge its authenticity. She argues Wells Fargo's motion is premature and discovery is necessary to determine whether the arbitration agreement is illusory or lacks adequate consideration. She proposes Wells Fargo renew its motion for our consideration after limited discovery under a summary judgment standard. But she fails to respond to the motion with disputed facts warranting discovery sufficient to challenge the enforceability of the arbitration agreement other than pure speculation. The arbitration agreement is signed. It requires this dispute be resolved in arbitration. We apply the motion to dismiss standard in finding a valid and enforceable arbitration agreement and granting Wells Fargo's motion to compel arbitration. Under the state law claim, and even though no party requested a stay pending arbitration, we must stay progress in federal court until prompt resolution of the arbitration.

## I. Background

Wells Fargo hired Ms. Asberry-Jones in September 2017 for a "mortgage processor 4" position.[1] Ms. Asberry-Jones, a "Black/African American" woman, alleges she interviewed for a "mortgage processor 5" position but Wells Fargo did not hire her for this position despite her qualifications and instead hired her for a lower level position.[2] Two weeks later, Ms. Asberry-Jones learned Wells Fargo hired three Caucasian women as level 5 mortgage processors.[3] She alleges discrimination and hostile work environment[4] based on race, color, and national origin in violation of Title VII,[5] 42 U.S.C. § 1981, and the Pennsylvania Human Relations Act.[6] She alleges Wells Fargo retaliated against her because of her opposition to these unlawful employment practices in violation of these statutes.[7]

In response, Wells Fargo moved to compel arbitration and to dismiss the action.[8] It asserts its September 1, 2017 letter offering employment to Ms. Asberry-Jones contains a section entitled "Conditions of Employment" providing, among other things, "the offer letter, including these Conditions of Employment, the Trade Secrets Agreement, and the Arbitration Agreement, constitutes the entire agreement between you and Wells Fargo. No other guarantees or promises of any kind have been made concerning the terms of your employment. ..."[9] The offer letter also provides, "when employment disputes cannot be resolved internally, it is helpful to do so through private arbitration instead of court. All new hires are required to complete an Arbitration Agreement in which you and Wells Fargo mutually agree to final and binding arbitration of your employment disputes when they cannot be resolved internally."[10]

Ms. Asberry-Jones signed the offer letter on September 1, 2017.[11] The same day, Ms. Asberry-Jones signed the "Wells Fargo Mutual Arbitration Agreement."[12] Ms. Asberry-Jones signed both documents weeks before her September 25, 2017 employment start date.[13]

2

The Arbitration Agreement provides "Wells Fargo and I mutually agree that any legal Claims arising out of my application for employment, employment, or separation from employment with Wells Fargo shall be resolved by final and binding arbitration. Except as noted below, Wells Fargo and I agree to waive our rights to pursue any Claims in court or before a jury. This Agreement is subject to the Federal Arbitration Act." Claims for "discrimination, harassment, retaliation, ... or claims for violations of any federal, state, or local statute, regulation or common law, including, but not limited to, Title VII of the Civil Rights Act of 1964 ..." are "covered by this Agreement with any Wells Fargo entity, ... employee, agents ...."[14]

## II.    Analysis

The parties dispute the standard we apply to Wells Fargo's Motion to compel arbitration. Wells Fargo argues we should apply a motion to dismiss standard. Ms. Asberry-Jones counters Wells Fargo's motion is premature as discovery is necessary to determine whether the arbitration agreement is illusory or is supported by adequate consideration.[15] She proposes Wells Fargo may renew its motion under a summary judgment standard after a period of discovery.

The Federal Arbitration Act (the "Act") "establishes a strong federal policy in favor of the resolution of disputes through arbitration."[16] The Act provides "[a] written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any such contract."[17] A valid and enforceable arbitration agreement-s "entitles any 'party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration' to obtain a '[court] order directing that such arbitration proceed in the manner provided for in such agreement.'"[18]

3

In *Guidotti v. Legal Helpers Debt Resolution, LLC*, our Court of Appeals defined the standard for evaluating motions to compel arbitration.[19] We review a motion to compel arbitration under the motion to dismiss standard of Rule 12(b)(6) or the motion for summary judgment standard under Rule 56.

We apply the Rule 12(b)(6) standard "when it is apparent, based on 'the face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause.'"[20] We apply a Rule 56 standard "if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then 'the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question.'"[21]

## A. We apply a Rule 12(b)(6) standard absent disputed issues.

As directed by our Court of Appeals, a Rule 12(b)(6) standard "is inappropriate when either 'the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity' to establish on its face that the parties agreed to arbitrate, ... or the opposing party has come forth with reliable evidence that is more than a 'naked assertion ... that it did not intend to be bound' by the arbitration agreement, even though on the face of the pleadings it appears that it did."[22]

Although her complaint does not refer to the Arbitration Agreement and her response to Wells Fargo's motion argues the complaint is "unclear regarding the agreement to arbitrate," her allegations fall within the scope of the Arbitration Agreement.[23] We are not compelled to apply a summary judgment standard because Ms. Asberry-Jones failed to mention the Arbitration Agreement in her complaint. Indeed, we cannot envision a plaintiff choosing to file a complaint

4

in federal court will affirmatively plead the existence of an arbitration provision. The purposes of the Act would be frustrated "if plaintiffs could avoid having their claims quickly compelled to arbitration simply by failing to mention the existence of clearly applicable arbitration agreements in their complaints."[24] We do not find this absence a barrier to applying the Rule 12(b)(6) standard.

Ms. Asberry-Jones "has not come forth with reliable evidence" she did not intend to be bound by the Arbitration Agreement. Ms. Asberry-Jones does not deny she signed the offer letter or Arbitration Agreement or contest the authenticity of either document attached to Wells Fargo's motion. She does not provide us facts challenging the validity of the Arbitration Agreement. Instead, she suggests we should allow discovery to evaluate "if there was a meeting of the minds or if the purported arbitration agreement is illusory."

Ms. Asberry-Jones argues we must allow discovery to determine whether her employment is subject to an employee handbook which she considers "critical in determining the arbitrability" of this action and to determine whether the Arbitration Agreement is supported by adequate consideration. The employee handbook is critical, argues Ms. Asberry-Jones, because if it references the Arbitration Agreement and Wells Fargo retains "unfettered discretion" to change or modify the employee handbook, the Arbitration Agreement "could be deemed to be illusory." She does not provide the employee handbook or cite language raising a question regarding Wells Fargo's possible "unfettered discretion" to change or modify the employee handbook nor does she point to language in the Arbitration Agreement evidencing such "unfettered discretion." In fact, the language of the Arbitration Agreement confirms Wells Fargo does not have "unfettered discretion" to change or modify the Arbitration Agreement. We have nothing to show us discovery on this issue is warranted.

5

Ms. Asberry-Jones's argument is based solely on a recent decision in *Crump v. Metasource Acquisitions, LLC*, a case entirely distinguishable.[25] In *Crump*, an employee brought discrimination claims against his former employer. The employer moved to compel arbitration under an arbitration agreement signed by the employee. The court allowed limited discovery on the question of arbitrability and, after the employer renewed its motion to compel, the court applied a Rule 56 standard. Upon review of the language of the arbitration provision contained in the employee handbook, the court concluded the employer's obligation to arbitrate "is entirely optional" making "its promise to arbitrate ... 'illusory and, therefore, lacking consideration and unenforceable.'"[26] The court additionally found the employee signed the employee handbook containing the arbitration provision one week after the employer offered, and employee accepted, an at-will employment relationship.[27] Applying Pennsylvania law, the court held continued employment is insufficient consideration to support the arbitration agreement.

The *Crump* case is readily distinguishable. Ms. Asberry-Jones fails to cite language in the Arbitration Agreement, offer letter, or employee handbook similar to the language at issue in *Crump*. There, the "acknowledgment and agreement" page of the employee handbook containing the arbitration clause allowed the employer to "change any of its obligations (other than at-will employment) at any time, simply by putting its desired changes in writing—without so much as telling its employees of these changes," a condition giving the employer "unfettered discretion" to modify its arbitration obligations and rendering the agreement illusory.[28] The Wells Fargo documents to not have this language. Ms. Asberry-Jones appears to suggest the employee handbook *may* contain similar language and *if* it does, the Arbitration Agreement "could be deemed to be illusory." Pure speculation. Every plaintiff could make this argument. We require

more. Ms. Asberry-Jones does not give us a fact to support this argument or place the Arbitration Agreement at issue.

Ms. Asberry-Jones also argues the Arbitration Agreement may not be supported by sufficient consideration and asks for discovery on the "timing" of her "alleged acknowledgment of the purported arbitration agreement," again relying on *Crump.* In *Crump*, the plaintiff employee signed the arbitration clause one week after employment. Unlike *Crump*, Ms. Asberry-Jones signed the Arbitration Clause on September 1, 2017, weeks before she began her employment at Wells Fargo. Again, she does not deny she signed the document or challenge the authenticity of the document. We do not perceive how discovery is necessary on a "timing" issue, making her facts distinguishable from *Crump.* The language of the Arbitration Agreement here—unlike in *Crump*—binds both Wells Fargo and Ms. Asberry-Jones to arbitration: "Wells Fargo and I mutually agree that any legal Claims arising out of my application for employment, employment, or separation from employment with Wells Fargo shall be resolved by final and binding arbitration."[29] Similar language is contained in the offer letter.[30] The language is clear the parties "mutually agreed" to be bound by final and binding arbitration. "When both parties have agreed to be bound by arbitration, adequate consideration exists and the arbitration agreement should be enforced."[31]

There is no lack of clarity regarding the agreement to arbitrate and Ms. Asberry-Jones did not produce facts sufficient to place the Arbitration Agreement at issue.[32] Where, as here, Ms. Asberry-Jones failed to "respond[] to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate at issue," we are directed to consider the motion "under a Rule 12(b)(6) standard without discovery's delay."[33]

7

## B. There is a valid and enforceable Arbitration Agreement.

We next determine whether Ms. Asberry-Jones and Wells Fargo entered into a valid arbitration agreement. In making the determination we ask (1) "whether 'there is an agreement to arbitrate'" and (2) "whether 'the particular dispute falls within the scope of that agreement.'"[34]

We apply Pennsylvania's contract law to determine whether a party entered into a valid and enforceable agreement to arbitrate.[35] Under Pennsylvania law, formation of a contract requires "(1) a mutual manifestation of an intention to be bound, (2) terms sufficiently definite to be enforced, and (3) consideration."[36] "In the employment context, arbitration agreements will be upheld when they are 'specific enough (i.e. unambiguous) to cover the employee's claims' and 'the employee has *expressly* agreed to abide by the terms of [the] agreement.'"[37]

Wells Fargo argues there are at least two forms of consideration sufficient to support the Arbitration Agreement: signing the Arbitration Agreement was a mandatory condition of Ms. Asberry-Jones's employment at Wells Fargo and the Agreement recites the parties' mutual exchange of promises to be bound by arbitration.[38] In response, Ms. Asberry-Jones argues only discovery is necessary to determine whether there is adequate consideration. But, as discussed above, the Arbitration Agreement is supported by adequate consideration; both parties agreed to be mutually bound by arbitration and Ms. Asberry-Jones signed the offer letter and Arbitration Agreement as a condition of her employment.

As to the second prong, Wells Fargo argues the Arbitration Agreement encompasses Ms. Asberry-Jones's claims. It argues the law requires "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration" and there is no doubt here.[39] Ms. Asberry-Jones alleges Wells Fargo discriminated against her on the basis of her race, color, and national origin when it hired her for a lower level position than the position for which she initially interviewed

8

and is qualified, instead hiring three Caucasian women to fill the higher level positions. She alleges Wells Fargo retaliated against her when she complained of the discriminatory practices.

The language of the Arbitration Agreement clearly and unambiguously requires arbitration of all claims "arising out of [Ms. Asberry-Jones's] application for employment, employment, or separation from employment with Wells Fargo ..." including but not limited to "claims for discrimination, harassment, retaliation ..."[40] Ms. Asberry-Jones does not respond to the scope of arbitration requirement and fails to make any argument her employment discrimination and retaliation claims are outside the scope of the Arbitration Agreement. Based on the clear language of the Arbitration Agreement, Ms. Asberry-Jones's claims are subject to arbitration.

### C. We stay the action pending arbitration.

Wells Fargo asks we compel arbitration and dismiss with prejudice Ms. Asberry-Jones's complaint under Section 4 of the Act.[41] Ms. Asberry-Jones does not take a position. We will stay the action rather than dismiss it.[42]

Section 3 of the Act provides for a stay of proceedings where the action is referable to arbitration: "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."[43] Neither party requested a stay. If we faced only federal claims and neither party moved for a stay pending arbitration, we may dismiss this case.

9

But Ms. Asberry-Jones also alleges violations of the Pennsylvania Human Relations Act. The Pennsylvania Arbitration Act requires a stay of judicial proceedings.[44] It does not require an application for stay. Consistent with Pennsylvania law, we will stay the action pending resolution of arbitration.[45]

## III. Conclusion

In the accompanying Order, we grant Wells Fargo's motion to compel arbitration, deny its motion to dismiss and place this case in suspense pending prompt resolution of final and binding arbitration.

---

[1] ECF Doc. No. 1 at ¶ 25.

[2] *Id.* at ¶¶ 8, 28.

[3] *Id.* at ¶ 26.

[4] *Id.* at ¶ 65.

[5] 42 U.S.C. § 2000e *et seq.*

[6] 43 P.S. § 951 *et seq.*

[7] ECF Doc. No. 1 at ¶¶ 56, 58, 66-68.

[8] ECF Doc. No. 5. We refer to Wells Fargo Bank, N.A., Kristen Lutz, and Catheryn Goode collectively as "Wells Fargo."

[9] ECF Doc. No. 5-2 at 3.

[10] *Id.* at 4.

[11] *Id.* at 5.

[12] ECF Doc. No. 5-2 at 8.

[13] ECF Doc. No. 1 at ¶ 25.

[14] *Id.*

[15] ECF Doc. No. 8.

[16] *Alexander v. Anthony Int'l, L.P.*, 341 F.3d 256, 263 (3d Cir. 2003).

[17] 9 U.S.C. § 2.

[18] *Puleo v. Chase Bank USA, N.A.*, 605 F.3d 172, 178 (3d Cir. 2010) (quoting 9 U.S.C. §§ 2, 4).

[19] 716 F.3d 764 (3d Cir. 2013).

[20] *Id.* at 776 (quoting *Somerset Consulting, LLC v. United Capital Lenders*, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011)).

[21] *Id.* at 776 (quoting *Somerset Consulting*, 832 F. Supp. at 482).

[22] *Id.*at 774 (quoting *Somerset Consulting*, 832 F. Supp. 2d at 482 and *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd.*, 636 F.2d 51, 55 (3d Cir. 1980)).

[23] *See e.g.*, *Hoffman v. Compassus*, No. 18-776, 2019 WL 1791413, at *6 (E.D. Pa. Apr. 23, 2019) (applied Rule 12(b)(6) standard where complaint did not refer to an arbitration agreement; neither complaint nor plaintiff's response to motion to compel arbitration "set forth additional facts that invalidate the arbitration agreement" and plaintiff "does not dispute that the [dispute resolution policy] covers all of the claims she raises in this case," concluding discovery unnecessary on the question of arbitrability); *Curtis v. Cintas Corp.*, 229 F. Supp. 3d 312, 315-16 (E.D. Pa. 2017) (applied Rule 12(b)(6) standard and considered employment agreement containing arbitration clause attached to defendant's motion to compel arbitration even though complaint did not mention employment agreement and where plaintiff did not contest authenticity); *Colon v. Concetta, Inc.*, No. 17-959, 2017 WL 2572517, at * 2 (E.D. Pa. June 14, 2017) (same).

[24] *Hewitt v. Rose Grp.*, No. 15-5992, 2016 WL 2893350, at * 2, n. 1 (E.D. Pa. Mar. 21, 2016).

[25] No. 18-3313, 2019 WL 1284103 (E.D. Pa. Mar. 19, 2019).

[26] *Id.* at *4 (quoting *SCF Consulting, LLC v. Barrack, Rodos & Bacine*, 175 A.3d 273, 278 (Pa. 2017)).

[27] *Id.* at *7.

[28] *Id.* at *4.

[29] ECF Doc. No. 5-2.

[30] *See* ECF Doc. No. 502 at 4.

[31] *Blair v. Scott Specialty Glass*, 283 F.3d 595, 603-04 (3d Cir. 2002).

[32] *Hewitt v. Rose Grp.*, No. 15-5992, 2016 WL 2893350, at * 2 (E.D. Pa. Mar. 21, 2016).

[33] *Guidotti*, 716 F.3d at 776 (citations omitted).

[34] *ACE Am. Ins. Co. v. Guerriero*, 738 F. App'x 72, 77 (3d Cir. 2018) (quoting *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 523 (3d Cir. 2009)).

[35] *Dicent v. Kaplan Univ.*, 758 F. App'x 311, 313 (3d Cir. 2019) (quoting *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009)).

[36] *Kirleis*, 560 F.3d at 160 (citing *Blair*, 283 F.3d at 603).

[37] *Id.* at 160–61 (quoting *Quiles v. Fin. Exch. Co.*, 879 A.2d 281, 285 (Pa. Super. 2005)).

[38] ECF Doc. No. 5-2 at 8.

[39] *Id.* at 7 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).

[40] ECF Doc. No. 5-2 at 8.

[41] *See* proposed order at ECF Doc. No. 5-4.

[42] Even if we were inclined to dismiss the action, we would not do so with prejudice. Wells Fargo provides us with no authority supporting a dismissal with prejudice.

[43] 9 U.S.C. § 3.

[44] 42 Pa. C.S.A. § 7304(d) provides "An action or proceeding, allegedly involving an issue subject to arbitration, shall be stayed if a court order to proceed with arbitration has been made or an application for such an order has been made under this section. If the issue allegedly subject to arbitration is severable, the stay of the court action or proceeding may be made with respect to the severable issue only. If the application for an order to proceed with arbitration is made in such action or proceeding and is granted, the court order to proceed with arbitration shall include a stay of the action or proceeding."

[45] *Kauffman v. U-Haul Int'l, Inc.*, No. 16-4580, 2018 WL 4094959, at *12 (E.D. Pa. Aug. 28, 2018) (quoting *AAL Inv., LLC v. Tsioles*, No. 799 MDA 2014, 2015 WL 7301700 (Pa. Super. Apr. 1, 2015)); *see also Mullen-Moore v. REB Enter., Inc.*, No. 16-935, 2016 WL 3019274, at *1 (E.D. Pa. May 26, 2016) (staying, rather than dismissing, plaintiff's case pending arbitration where defendant moved to compel arbitration and dismiss with prejudice plaintiff's complaint).